Rocha v. Sessions

BIA
Straus, IJ
A200 026 570

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand eighteen.

PRESENT:
        DENNIS JACOBS,
        PETER W. HALL,
        GERARD E. LYNCH,
            *Circuit Judges.*
_____

SOLANGE ROCHA, AKA SOLANGE
APARECIDA ROCHA,
        *Petitioner,*

        v.                                      16-1716
                                                NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Glenn T. Terk, Wethersfield, CT.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant
                        Attorney General, Carl McIntyre,
                        Assistant Director, Brooke M.
                        Maurer, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Solange Rocha, a native and citizen of Brazil, illegally reentered the United States after being removed in 2009. She seeks review of a May 2, 2016, decision of the BIA affirming a March 31, 2914, decision of an Immigration Judge ("IJ") denying Rocha's application for withholding of removal.[1] *In re Solange Rocha,* No. A200 026 570 (B.I.A. May 2, 2016), *aff'g* No. A200 026 570 (Immig. Ct. Hartford Mar. 31, 2014). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and assume, as the BIA did, that Rocha identified a cognizable social group. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, the issue is whether Rocha established that she fell within that social group.

---

[1] Rocha does not challenge the denial of relief under the Convention Against Torture.

To succeed on a claim for withholding of removal, the applicant "must demonstrate that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for persecuting the applicant. *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010) (internal quotation marks omitted); 8 U.S.C. § 1231(b)(3)(A). "We review factual findings under the substantial evidence standard," while "[q]uestions of law, as well as the application of legal principles to undisputed facts, are reviewed *de novo*." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). The agency did not err in denying relief because, as discussed below, Rocha did not demonstrate that any past harm or feared future harm was or would be on account of her membership in her proposed particular social group.

The agency reasonably found that Rocha failed to establish membership in her proposed social group of women in relationships that they are unable to leave. Rocha was in fact able to leave the relationship—she testified that when she was 21, she moved out of her mother's house and was thereby able to escape her stepfather's abuse. She also had friends who helped her escape a second time when

3

she returned to Brazil, after the abuse resumed when she voluntarily moved back in with her mother and stepfather. In addition, her mother has since thrown her stepfather out of the house, indicating that even if Rocha were to return to Brazil and move back in with her mother, her stepfather would not be there to abuse her.

Rocha argues that the agency should have considered the issue of her ability to relocate separately from the issue of whether she was a member of her proposed particular social group.[2] The analysis Rocha challenges, however, is the agency's evaluation of her ability to leave the relationship, which is itself an element of the particular social group that Rocha proposed: "Brazilian wom[en] that cannot leave the relationship." Pet'r Br. 9. Rocha also asserts that the agency erred by considering events "outside the relevant temporal scope of the inquiry," i.e., her leaving home at the age of 21 to live with her boyfriend. *Id.* at 17. But the agency is required to "consider all the evidence in the record that has probative

---

[2] Rocha argues that the agency should have shifted the burden of reasonable relocation to the Government, but Rocha did not establish that she suffered past persecution on account of a protected ground, so the burden did not shift to the Government. 8 C.F.R. § 1208.16(b)(3)(i).

4

value." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir. 2005).

Rocha argues that her situation is similar to *Matter of A-R-C-G-*, which involved an applicant who was eventually able to leave her relationship. 26 I. & N. Dec. 388 (BIA 2014). But the facts in *Matter of A-R-C-G-* are distinguishable: the abuser followed his victim when she tried to move out and threatened to kill her if she did not return to him. *Id*. at 389, 395. Here, although Rocha sometimes saw her stepfather at her boyfriend's house, there is no evidence that he threatened her or tried to force her to return or that she otherwise felt any pressure to return to him; instead, she testified that she returned to her mother's home of her own volition because she thought the situation had changed.

Rocha further argues that the agency failed to consider the years of abuse she suffered before she moved in with her boyfriend in 2000. To the contrary, the agency expressly made findings regarding that abuse and considered it in determining that she may have established harm rising to the level of persecution, although not on account of a protected ground. Moreover, the abuse that she suffered at

that time does not take away from the fact that she was able to leave the relationship by moving out of the house, or that her mother has since evicted the stepfather from their home.

Rocha was also required to show that she was harmed by a governmental actor or independent actors whom the government is unwilling or unable to control. *See Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006); *Sotelo-Aquije v. Slattery*, 17 F.3d 33, 37 (2d Cir. 1994). The agency's finding that Rocha failed to establish that the Brazilian government was unwilling or unable to protect her is supported by substantial evidence. Rocha testified that she never called the police or otherwise reported her abuse to the authorities. Moreover, the 2012 State Department report reflected that the Brazilian government was working to improve resources for victims and that "police generally enforced the [domestic violence] law effectively." A 206. Accordingly, the agency did not err in holding that Rocha failed to meet her burden of showing that she was persecuted "by the government . . . or at the hands of an organization or person from which the government cannot or will not protect [her]." *Aliyev v. Mukasey*, 549 F.3d 111,

116 (2d Cir. 2008) (internal quotation marks omitted); *see also* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A).

The agency also reasonably held that Rocha failed to meet her burden of showing that she could not reasonably relocate in Brazil. 8 C.F.R. § 1208.16(b)(3)(i). Rocha testified that she had safely relocated twice before, once when she went to live with her boyfriend and once when she stayed with her son's grandmother. She also testified that she was able to work and earn money in the past. The agency's holding that Rocha could reasonably relocate was therefore supported by substantial evidence. *Id.; see also Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country.").

Finally, Rocha argues that the agency erred in not granting her humanitarian asylum. But Rocha is subject to a reinstatement order, meaning that she is only eligible for withholding of removal and cannot qualify for asylum. *Herrera-Molina v. Holder*, 597 F.3d 128, 139 (2d Cir. 2010); 8 C.F.R. § 241.8(e).

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

8